UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

```
----------------------------------------------------x
KATHLEEN ROSS,                            :
an individual,                            :        CASE NO.:
                                          :
              Plaintiff,                   :
                                          :        Judge:
vs.                                        :
                                          :
                                          :        Magistrate:
                                          :
ROSELLA PIZZA, INC., and                   :
HUNG TAO REALTY, INC.,                      :
                                          :
              Defendants.                   :
----------------------------------------------------x
```

## COMPLAINT

Plaintiff, KATHLEEN ROSS, by and through her undersigned counsel, hereby files this Complaint and sues ROSELLA PIZZA, INC. ("ROSELLA") and HUNG TAO REALTY, INC. ("HUNG TAO") (collectively referred to as "Defendants") for declaratory and injunctive relief, compensatory damages, statutory damages, attorneys' fees, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* ("ADA"), the New York State Human Rights Law, N.Y. Exec. Law § 290 *et seq.* ("NYSHRL"), the New York State Civil Rights Law, N.Y. Civ. Rights Law § 40 *et seq.* ("NYSCRL"), and the New York City Human Rights Law, New York City, N.Y., Code § 8-101 *et seq.* ("NYCHRL"), and alleges:

## JURISDICTION AND PARTIES

1.     This is an action for declaratory and injunctive relief pursuant to Title III of the Americans With Disabilities Act, 42 U.S.C. §12181 *et seq*. This Court is vested with original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.

2.     This is an action for compensatory damages and statutory damages pursuant to the New

1

York State Human Rights Law, N.Y. Exec. Law § 290 *et seq.,* New York State Civil Rights Law, N.Y. Civ. Rights Law § 40 *et seq*., and the New York City Human Rights Law, New York City, N.Y., Code § 8-101 *et seq*.  This Court is vested with supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

3.    Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2).

4.    Plaintiff, KATHLEEN ROSS, (hereinafter referred to as "MS. ROSS"), is a resident of the State of New York, Queens County.

5.    MS. ROSS is a qualified individual with a disability under the ADA, the NYSHRL, the NYSCRL, and the NYCHRL.  MS. ROSS is afflicted with cerebral palsy and uses a walker for her primary means of mobility.

6.    Due to her disability, MS. ROSS is substantially impaired in several major life activities and requires a walker for mobility. Specifically, MS. ROSS is unable to walk, stand, or use her legs without use of her walker.

7.    Upon information and belief, Defendant ROSELLA is a corporation organized in the state of New York and doing business in New York County.

8.    Upon information and belief, HUNG TAO is the owner and/or lessor of the real properties and improvements that are the subject of this action, to wit: the Rosella's Pizzeria restaurant located at 164 William Street, New York, New York, 10038 (hereinafter referred to as "the Property").

9.    Upon information and belief, Defendant ROSELLA is a limited liability company organized in the state of New York and doing business in New York County.

10. Upon information and belief, ROSELLA is the lessee and/or operator of the Property.

11. The Property is a place of public accommodation, a restaurant open to the general public during normal business hours.

12. Defendants are obligated to comply with the ADA.

13. All events giving rise to this lawsuit occurred in the Eastern District of New York, New York County, New York.

## COUNT I - VIOLATION OF TITLE III OF THE AMERICANS WITH DISABILITIES ACT

14. MS. ROSS realleges and reavers Paragraphs 1 – 13 as if they were expressly restated herein.

15. The Property is a place of public accommodation, subject to the ADA, generally located at: 164 William Street, New York, New York, 10038.

16. The Property is located only about twelve miles away from MS. ROSS's home.

17. MS. ROSS desires to enter the Property to dine in at the Rosella's Pizzeria restaurant.

18. MS. ROSS has desired to enter the Property in the past and presently desires to enter the Property.

19. MS. ROSS has observed and is aware of mobility-related barriers at the Property, as discussed below in Paragraph 27.

20. MS. ROSS has visited the Property, and is aware that if she were to try to enter the Property she would experience serious difficulty accessing the goods and utilizing the services therein due to the architectural barriers discussed in Paragraph 27 of this Complaint, which still exist.

21.     MS. ROSS is deterred from entering the Property due to the architectural barriers discussed in Paragraph 27 of this Complaint.

22.     MS. ROSS intends to and will enter the Property to utilize the goods and services in the future, but fears that she will encounter the same barriers to access which are the subject of this action.

23.     The barriers discussed below in Paragraph 27 are excluding MS. ROSS from the programs, services, and activities offered at the Rosella's Pizzeria restaurant at the Property.

24.     The barriers discussed below in Paragraph 27 are excluding MS. ROSS from the equal opportunity to participate in, or benefit from, the goods, services, and accommodations which are offered to the general public at the Rosella's Pizzeria restaurant at the Property.

25.     MS. ROSS plans to and will visit the Property in the future as a patron and also as an ADA tester to determine if the barriers to access alleged herein have been modified.

26.     MS. ROSS presently fears that she will encounter the mobility-related barriers which exist at the Property when she returns to the Property in the near future.

27.     Upon information and belief, Defendants are in violation of 42 U.S.C. § 12181 *et seq.* and 28 C.F.R. § 36.302 *et seq.*, and the Property is not accessible due to, but not limited to, the following barriers, which presently exist:

> A.      There are two steps up into the William Street front entrance of the Rosella's Pizzeria restaurant at the Property, without the required access ramp;
>
> B.      There is no accessible entrance into the Property;

        C.      Other mobility-related ADA barriers, both interior and exterior, to be identified following a complete inspection of the Property.

28.    MS. ROSS continues to desire to visit the Property, but will continue to experience serious difficulty until the barriers discussed in Paragraph 27 are removed.

29.    MS. ROSS intends to and will visit the Property to utilize the goods and services in the future, but fears that Defendants will continue to discriminate against her by failing to modify the barriers at the property.

30.    Upon information and belief, all barriers to access and ADA violations still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA, even though removal is readily achievable.

31.    Upon information and belief, removal of the discriminatory barriers to access located at the Property is readily achievable, reasonably feasible, could be easily accomplished, and would not place an undue burden on Defendants.

32.    Upon information and belief, removal of the barriers to access located at the Property would provide MS. ROSS with an equal opportunity to participate in, or benefit from, the goods, services, and accommodations which are offered to the general public at the Rosella's Pizzeria restaurant at the Property.

33.    Upon information and belief, Defendants have failed to adopt any alternatives to barrier removal which would provide MS. ROSS with equal access to the accommodations which are offered for public use at the Rosella's Pizzeria restaurant at the Property.

34.    Independent of her intent to return as a patron to the Property, MS. ROSS additionally intends to return as an ADA tester to determine whether the barriers to access stated

herein have been remedied.

35.    MS. ROSS has retained the  undersigned counsel and is entitled to recover reasonable attorneys' fees, costs and litigation expenses from Defendants pursuant to 42 U.S.C. § 12205.

## COUNT II - VIOLATION OF NEW YORK STATE HUMAN RIGHTS LAW
## (NEW YORK STATE EXECUTIVE LAW, §§ 296-297)

36.    MS. ROSS hereby incorporates by reference all allegations contained in all preceding paragraphs of this Complaint as if they were expressly set forth herein.

37.    As the owner, manager, lessee, and/or proprietor of a place of public accommodation within the jurisdiction of the State of New York, Defendants are obligated to comply with the provisions of the NYSHRL, N.Y. Exec. Law § 296(2).

38.    N.Y. Exec. Law § 296(2) provides: "It shall be an unlawful discriminatory practice for any person, being the owner, lessee, proprietor, manager, superintendent, agent or employee of any place of public accommodation, . . . because of the . . . disability . . . of any person, directly or indirectly, to refuse, withhold from or deny to such person any of the accommodations, advantages, facilities or privileges thereof."

39.    The conduct alleged herein discriminates against MS. ROSS on account of her disability.

40.    The conduct alleged herein violates the NYSHRL, N.Y. Exec. Law § 296(2).

41.    Defendants have violated the NYSHRL by depriving MS. ROSS of the full and equal enjoyment of the accommodations, advantages, facilities, and privileges offered at the Property, namely the ability to enter into and dine in at the Rosella's Pizzeria restaurant at the Property.

42.     Defendants have violated the NYSHRL by failing to remove the architectural barriers at the Property.

43.     Defendants have further violated the NYSHRL by failing to make the Property accessible through alternative methods to barrier removal.

44.     Upon information and belief, removal of the discriminatory barriers to access located at the Property is readily achievable, reasonably feasible, could be easily accomplished, and would not place an undue burden on Defendants.

45.     Defendants' conduct has resulted in a cognizable injury to MS. ROSS.

46.     MS. ROSS has been damaged and will continue to be damaged by this discrimination as more fully set forth above.

47.     As a direct and proximate result of Defendants' unlawful discrimination in violation of the NYSHRL, MS. ROSS has suffered mental anguish, inconvenience, emotional distress, frustration, anxiety, and humiliation.

48.     MS. ROSS prays for judgment for damages to pursuant to N.Y. Exec. Law § 297(4), and all other relief allowed by law.

## COUNT III - VIOLATION OF NEW YORK STATE CIVIL RIGHTS LAW

## (N.Y. Civ. Rights§§ 40-c and 40-d)

49.     MS. ROSS hereby incorporates by reference all allegations contained in all preceding paragraphs of this Complaint as if they were expressly set forth herein.

50.     As the owner, manager, lessee, and/or proprietor of a place of public accommodation within the jurisdiction of the State of New York, Defendants are obligated to comply with the provisions of the NYSCRL, N.Y. Civ. Rights §40 *et seq.*

51.     MS. ROSS has complied with the notice requirements of N. Y. Civ. Rights section 40-d,

as notice of this action was served upon the attorney general prior to or concurrently with the initiation of this suit.

52.   Section 40 of the NYSCRL states that "All persons within the jurisdiction of this state shall be entitled to the full and equal accommodations, advantages, facilities and privileges of any places of public accommodations. . . ."

53.   Section 40-c of the NYSCRL states that "[n]o person shall, because of . . . disability . . . be subjected to any discrimination in his or her civil rights . . . by any firm, corporation or institution. . . ."

54.   The conduct alleged herein discriminates against MS. ROSS on account of her disability.

55.   The conduct alleged herein violates the NYSCRL.

56.   Defendants have violated the NYSCRL by depriving MS. ROSS of the full and equal enjoyment of the accommodations, advantages, facilities, and privileges offered by Defendants at the Property, namely the ability to enter into and dine in at the Rosella's Pizzeria restaurant at the Property.

57.   Defendants have violated the NYSCRL section 40-c, *inter alia*, by subjecting MS. ROSS, as a person with a disability, to discrimination in her civil rights.

58.   Defendants have further violated the NYSCRL by being in violation of the rights provided under the ADA and the New York State Human Rights Law, N.Y. Exec. Law § 296.

59.   Defendants' conduct has resulted in a cognizable injury to MS. ROSS.

60.   MS. ROSS has been damaged and will continue to be damaged by this discrimination as more fully set forth above.

61.   MS. ROSS prays for judgment pursuant to N.Y. Civ. Rights section 40-d, including

statutory damages, and all other relief allowed by law.

## COUNT IV - VIOLATION OF NEW YORK CITY HUMAN RIGHTS LAW

### (New York City, N.Y., Code § 8-502)

62.   MS. ROSS hereby incorporates by reference all allegations contained in all preceding paragraphs of this Complaint as if they were expressly set forth herein.

63.   As the owner, manager, lessee, and/or proprietor of a place of public accommodation within the jurisdiction of the City of New York, Defendants are obligated to comply with the provisions of the NYCHRL, New York City, N.Y., Code § 8-107(4).

64.   MS. ROSS will comply with the notice requirements of N.Y. Code § 8-502, as a copy of this Complaint will be served upon the authorized representatives of the city commission on human rights and the corporation counsel within ten days of commencing this action.

65.   N.Y. Code § 8-107(4) provides: "It shall be an unlawful discriminatory practice for any person, being the owner, lessee, proprietor, manager, superintendent, agent or employee of any place or provider of public accommodation, because of the . . . disability . . . of any person, directly or indirectly, to refuse, withhold from or deny to such person any of the accommodations, advantages, facilities or privileges thereof."

66.   The conduct alleged herein discriminates against MS. ROSS on account of her disability.

67.   The conduct alleged herein violates the NYCHRL, N.Y. Code § 8-107.

68.   Defendants have violated the NYCHRL, N.Y. Code § 8-107(4) by depriving MS. ROSS of the full and equal enjoyment of the accommodations, advantages, facilities, and privileges offered by Defendants at the Property, namely the ability to enter into and dine in at the Rosella's Pizzeria restaurant at the Property.

69.   Defendants have violated the NYCHRL, N.Y., Code § 8-107(4) by failing to remove the

architectural barriers at the Property.

70.    Defendants have violated the NYCHRL, N.Y. Code § 8-107 (17) because, upon information and belief, Defendants' policies or practices regarding the removal of architectural barriers at the Property have a disparate impact on persons with mobility related disabilities.

71.    Defendants' conduct has resulted in a cognizable injury to MS. ROSS.

72.    MS. ROSS has been damaged and will continue to be damaged by this discrimination as more fully set forth above.

73.    As a direct and proximate result of Defendants' unlawful discrimination in violation of the NYCHRL, MS. ROSS has suffered mental anguish, inconvenience, emotional distress, frustration, anxiety, and humiliation.

74.    MS. ROSS prays for judgment pursuant to N.Y. Code § 8-502(a) for injunctive relief, for damages, and for all other relief allowed by law.

75.    MS. ROSS has retained the undersigned counsel and is entitled to recover reasonable attorneys' fees, costs and litigation expenses from Defendants pursuant to N.Y. Code § 8-502(g).

WHEREFORE, MS. ROSS demands judgment against Defendants, and requests the following relief:

A.    That this Court declare that the Property owned, leased, and/or operated by Defendants is in violation of the ADA, the NYSHRL, the NYSCRL, and the NYCHRL;

B.    That this Court enter an Order directing Defendants to alter the Property to make

10

it accessible to and useable by individuals with mobility disabilities to the full extent required by Title III of the ADA;

C.      That this Court enter an Order awarding MS. ROSS compensatory damages, as provided for under N.Y. Exec. Law § 297(4) and New York City, N.Y., Code § 8-502(a);

D.      That this Court enter an Order awarding MS. ROSS statutory damages, as provided for under N.Y. Civ. Rights section 40-d;

E.      That this Court award reasonable attorneys' fees, costs (including expert fees), and other expenses of suit, to MS. ROSS, pursuant to 42 U.S.C. § 12205 and New York City, N.Y., Code § 8-502(g) ; and

F.      That this Court award such other and further relief as it deems necessary, just and proper.


Respectfully Submitted,


BIZER & DeREUS, L.L.C.
Attorneys for Plaintiff
Andrew D. Bizer (NY Bar # 4208955)
andrew@bizerlaw.com
3319 St. Claude Ave.
New Orleans, LA 70117
T: 504-619-9999; F: 504-948-9996


By:/s/ Andrew D. Bizer
        Andrew D. Bizer